IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**MICHAEL DAVID WATLEY,**

        Plaintiff,

v.                                        **CIV. ACT. NO. 5:24-CV-187**
                                                    Judge Bailey

**DRAKE KOWCHECK,** Correctional
Officer, **WILLIAM KOPPEL,** Correctional
Officer, and **MATTHEW COX,**
Correctional Officer,

        Defendants.

## ORDER

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 12]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on December 3, 2024, wherein he recommends that the Complaint [Doc. 1] be dismissed with prejudice. [Doc. 12 at 11]. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND/PROCEDURAL HISTORY[1] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

---

[1]This Court fully adopts and incorporates herein the sections of the R&R titled "Background" and "The Complaint." *See* [Doc. 12 at 1–2].

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Plaintiff timely filed his Objections to the Report and Recommendation [Doc. 15] ("plaintiff's Objections") on December 17, 2024. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. **DISCUSSION**

In the R&R, Magistrate Judge Mazzone opined that plaintiff's Complaint should be dismissed with prejudice. [Doc. 12 at 11]. Specifically, Magistrate Judge Mazzone writes that plaintiff's Complaint, brought pursuant to ***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics***, 403 U.S. 388 (1971), contains claims that provide a new ***Bivens*** context. [Id. at 5–6]. Magistrate Judge Mazzone additionally opines that special factors counsel against extending ***Bivens*** to the claims presented in the Complaint. [Id. at 7–11].

In plaintiff's Objections, he argues that his claims do not present a new context under ***Bivens***. [Doc. 15 at 1–6]. Plaintiff cites ***Carlson v. Green***, 446 U.S. 14 (1980) in support of the notion that plaintiff's Eighth Amendment claim is not a "new context" for ***Bivens*** purposes. [Id. at 1]. In ***Carlson***, the Supreme Court held an inmate's estate was able to maintain a claim for money damages against prison officials following the inmate's death, caused by a lack of proper medical treatment of the inmate's asthma. ***Carlson***, 446 U.S. at 24. As discussed in ***Bulger v. Hurwitz***, 62 F.4th 127 (4th Cir. 2023), "the Supreme Court has made clear that courts should not interpret ***Carlson*** to apply outside the precise context at issue in that case[.]" ***Bulger***, 62 F.4th at 138.

Here, plaintiff's claims clearly differ from the claims brought in ***Carlson***. The alleged injury here does not involve an inmate death following an asthma attack, or even anything to do with medical care. Plaintiff's claims in the instant matter involve him being placed in a "paper suit" following a request to speak to a lieutenant. [Doc. 15 at 2]. As such,

plaintiff's claims clearly present a new context for **Bivens** purposes, and plaintiff's first objection is **OVERRULED**.[2]

Plaintiff next objects to Magistrate Judge Mazzone's opinion that special factors counsel hesitation in extending **Bivens** to plaintiff's claims. [Doc. 15 at 6–8]. This portion of plaintiff's Objections largely repeats plaintiff's assertion that the instant matter is similar to **Carlson**. [Id.]. As discussed herein, plaintiff's claims differ substantially from those brought in **Carlson**; thus, the Court hereby **OVERRULES** plaintiff's second objection.

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation [**Doc. 12**] is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Plaintiff's Objections [**Doc. 15**] are **OVERRULED**. Plaintiff's Complaint [**Doc. 1**] is **DISMISSED WITH PREJUDICE**.

This Court **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff at his last-known address as reflected on the docket.

---

[2]Plaintiff also discusses ***Iko v. Shreve***, 535 F.3d 225 (4th Cir. 2008) in his Objections; however, this portion of plaintiff's Objections does not articulate any specific objection to the R&R. [Doc. 15 at 5].

4

**DATED**: December 20, 2024.

                                                **JOHN PRESTON BAILEY**
                                                **UNITED STATES DISTRICT JUDGE**